NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1885.

BRESLIN *v.* SMYTH.

*In the matter of the estate of* MARGARET B. DUFFY, *deceased.*

After the letters of an executor or administrator have been revoked, a Surrogate's court cannot compel him to account, upon petition of a creditor of the decedent; its authority, in this respect, being limited by Code Civ. Pro., § 2605, to a case where proceedings are instituted by a successor, or a former co-representative.

Such a court is equally without power to issue an injunction against an executor or administrator so removed, or to direct him to pay the claim of an alleged creditor of the decedent, under Code Civ..Pro., § 2717.

Whether a judgment entered against an executor or administrator after the revocation of his letters can be enforced against the decedent's estate, *quœre.* If it can, the method is by application, under Code Civ. Pro., § 2609, for leave to sue upon the judgment debtor's official bond.

PETITION by Michael P. Breslin, an alleged creditor of decedent, for an order directing Thomas Smyth, late administrator with the will of decedent annexed, to deposit moneys with the court, and for payment of his claim, and for an accounting, and an injunction. The facts appear in the opinion.

W. J. FANNING, *for petitioner.*

THE SURROGATE.—This petitioner alleges that, on October 13th, 1884, he recovered a judgment in the Superior court against Thomas Smyth, administrator, *c. t. a.*, of this decedent's estate.   It appears that, by an order of the Surrogate, entered twenty days before the recovery of such judgment, Smyth's letters as such administrator were revoked.   This order of revocation contained no provision for the accounting of the deposed administrator, or for his delivery into this court, or to his successor, of the money or property of the estate in his hands.

The petitioner now asks for relief in various forms: —that Smyth be directed to account, and to make deposit of the property of this estate, and to pay the petitioner the amount of the aforesaid judgment, and that he be restrained from using, until the further order of this court, any funds of the estate still in his possession.   Without discussing the propriety of thus including in one petition an application so multifarious, I am clear that such application must, in all its parts, be denied.   Section 2603 of the Code of Civil Procedure gives the Surrogate discretionary authority to provide, in a decree revoking the letters of an executor or administrator, for an accounting and for the deposit of such property of the estate as such executor or administrator may have in his hands; but, as has been stated already, the order whereby this respondent was removed from office contains no such provision.   Section 2605 specifies the persons who may enforce such an accounting and deposit, and among them such as occupy the attitude of this petitioner are not included.

The fact that the respondent is no longer in office necessitates my denial of this application, so far as it seeks an injunction (§ 2481, subd. 4), and also so far as it asks for an order directing payment of petitioner's claim (§ 2717). It may be doubtful whether, under the circumstances here disclosed, his judgment can be enforced against the estate (§§ 2603, 2604); but if he has a valid claim because of it, or of the demands upon which it is founded, § 2609 points out a method by which its collection may be enforced, in case no successor has been appointed to the deceased administrator.

Petition dismissed.